IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN SMITH,

Petitioner, No. CIV S-08-2467 GGH P[1]

vs.

RICHARD B. IVES, et al.,

Respondent. ORDER

_______________________________/

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the answer to the petition, respondent argues that the petition should be denied because 1) the court lacks subject matter jurisdiction; 2) petitioner failed to exhaust administrative remedies; and/or 3) the petition is moot. For the following reasons, the court orders that this action is dismissed for lack of subject matter jurisdiction, and in the alternative, failure to exhaust administrative remedies.

In the original petition filed October 17, 2008, petitioner requested that the court order the Bureau of Prisons (BOP) to immediately consider him for a routine transfer to a

[1]Both parties have consented to have the undersigned hear this matter pursuant to 28 U.S.C. § 636(c). Under the case assignment procedures in the Local Rules, Appendix A, the case is therefore automatically assigned to the undersigned.

residential re-entry center (RRC). In support of this claim, petitioner cited Rodriguez v.Smith, 541 F.3d 1180 (9th Cir. 2008).

In Rodriguez, supra, the Ninth Circuit granted a habeas petition filed by a federal prisoner brought pursuant to 28 U.S.C. § 2241 challenging the BOP policy of opting not to consider requests for routine requests for transfers to RRC facilities. The background to this decision is as follows.

Prior to December 13, 2002, the BOP determined that under 18 U.S.C. § 3621(b) it had the authority to allow a prisoner to serve all or part of his imprisonment in an RRC. 541 F.3d at 1183. After that time, the BOP determined that, pursuant to 18 U.S.C. § 3624(c), it only had the authority to order pre-release placement in RRC's during the last ten percent, or six months, of a prison sentence, whichever was shorter. Id. After the First and Eighth Circuits invalidated this policy because it failed to recognize the BOP's discretion to routinely transfer an inmate to an RRC at any time, the BOP took the position that it elected to exercise its discretion to limit placement in an RRC to the last ten percent of the prison sentence, not to exceed six months. Id.

In Rodriguez, the Ninth Circuit held that the BOP regulations enacting the policy that limited its discretion to place an inmate in an RRC for the last ten percent of his sentence, i.e. pre-release transfers, violated the congressional intent expressed in 18 U.S.C. § 3621(b) that permitted routine transfers. The Ninth Circuit ordered the BOP to promptly consider the petitioner for a routine transfer to an RCC. Id. at 1189. In the instant petition, pursuant to Rodriguez, petitioner requests that the court order the BOP to consider him for a routine transfer to an RCC.

In the answer, respondent argues, in part, that the petition should be dismissed as moot because the BOP will consider petitioner's request for a transfer, using the factors set forth in 18 U.S.C. § 3621(b), at his Program Review scheduled for May 12, 2009.

\\\\\

In his reply to the answer, petitioner states that while it may be true that the BOP will consider him for a routine transfer to an RCC using the factors set forth in § 18 U.S.C.§ 3621(b), he seeks to raise a new claim challenging the BOP's new policy that allows for routine transfers to RCC's for longer than six months only under extraordinary circumstances. Attached to the answer as Exhibit 6 is a copy of a memorandum dated November 14, 2008, by the Assistant Director/General Counsel of the BOP. This memorandum states that routine RRC placements beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement and the Regional Director concurs. Answer, Exhibit 6, p. 3.

In the answer, respondent argues that the court lacks subject matter jurisdiction because petitioner's claims do not challenge the fact or duration of his confinement, as required for the court to have jurisdiction to consider a § 2241 petition. In Rodriguez, the Ninth Circuit implicitly found that it had subject matter jurisdiction to consider a § 2241 petition raising a claim challenging the BOP policy regarding routine transfer to RRCs. Because petitioner's new claim challenging the 6 month rule is closely related to the claim considered in Rodriguez, it is properly raised in a § 2241 petition.

In any event, federal habeas relief is appropriate when "a state prisoner ... challeng[es] the very fact or duration of his physical imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973). In addition, the "unlawful [ ] confine[ment] in the wrong institution" is a cognizable claim under § 2241 because the petitioner "is being unlawfully subjected to physical restraint." Id. at 486 § citation and footnote omitted); Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) ("[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.") (emphasis added) (citation omitted). Respondent's argument that the court lacks subject matter jurisdiction is without merit.

\\\\\

However, the court finds that it lacks subject matter jurisdiction on grounds that petitioner's claim is not ripe. Ripeness is part of the case-or-controversy requirement of Article III. Reno v. Catholic Servs., Inc., 509 U.S. 43, 57, n. 18, 113 S.Ct. 2485 (993)(ripeness). Whether or not the parties raise the issue of ripeness, federal courts are required to sua sponte consider such jurisdictional issues. See Bernhardt v. County of Los Angeles, 279 F.3d 862, 869 (9th Cir. 2001)(standing); Hawaii Newspaper Agency v. Bronster, 103 F.3d 742, 746 (9th Cir. 1996)(ripeness).

To demonstrate standing, a plaintiff "must have suffered an 'injury in fact'–an invasion of a legally protected interest which is (a) concrete and particularized, ...and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992). "In 'measuring whether the litigant has asserted an injury that is real and concrete rather than speculative and hypothetical, the ripeness inquiry merges almost completely with standing." Thomas v. Anchorage Equal Rights Com'n., 220 F.3d 1134, 1139 (2000) (internal citations omitted). "As a prudential matter, we will not consider a claim to be ripe for judicial resolution 'if it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all."''" Scott v. Pasadena Unified School Dist., 306 F.3d 646, 662 (9th Cir. 2002) (quoting Texas v. United States, 523 U.S. 296, 300, 118 S.Ct. 1257 (1998)(quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 581, 105 S.Ct. 3325 (1985)).

In the instant case, petitioner is challenging a BOP policy which may or may not be applied to him. In other words, if the BOP determines that he is eligible for a routine transfer to an RRC, because he exhibits extraordinary circumstances, however that is defined, then he will not be subject to the 6 month rule. The application of this new policy to petitioner is speculative and hypothetical. See Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008) (how agency would define "suitability" for employment purposes under new policy was insufficiently developed by the agency to find ripeness). The alleged injury is not imminent. For these

reasons, the court finds that petitioner's claim is not ripe. On these grounds, the court finds that it lacks subject matter jurisdiction.

Closely related to the ripeness discussion is the fact that were the court to have subject matter jurisdiction, dismissal would be appropriate based on petitioner's failure to exhaust administrative remedies. Federal prisoners must exhaust their federal administrative remedies prior to filing a habeas corpus petition pursuant to 28 U.S.C. § 2241 . Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55, 115 S.Ct. 2021 (1995). The exhaustion requirement is not, however, jurisdictional. Brown, 895 F.2d at 535.

Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court. Id. Considerations weighing in favor of requiring exhaustion are whether: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir.2003). Exhaustion also may be excused if pursuing the required administrative remedies would be futile. Fralev v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir.1993).

If the BOP finds that petitioner is entitled to a routine transfer to a RCC but for no more than 6 months, petitioner is required to exhaust this claim before raising it in a federal habeas petition. The BOP should be allowed, by way of administrative exhaustion, to make a record of this claim, addressing why extraordinary circumstances do not exist for a longer transfer. It is not clear at the present time what particular definition the BOP will apply to "extraordinary." In addition, were the court to excuse exhaustion in this action then all prisoners challenging the 6 month rule would be entitled to waiver of administrative exhaustion.

Exhaustion is not necessarily futile because petitioner may be able to demonstrate that extraordinary circumstances exist justifying a longer transfer if the 6 month rule is applied to him. For the reasons discussed above, the court finds that petitioner is required to exhaust administrative remedies.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for lack of subject matter jurisdiction on the ground discussed above or, in the alternative, for failure to exhaust administrative remedies.

DATED: February 3, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

sm2467.dis